J-A23042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES T. CARNEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| VINIT KATHARDEKAR AND | : | |
| USHA RISHI, | : | |
| | : | |
| Appellees | | No. 67 WDA 2016 |

Appeal from the Order Entered December 17, 2015
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-12-021292

BEFORE:  LAZARUS, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 02, 2016**

James T. Carney (Carney) appeals from order entered December 17, 2015, granting the motion for summary judgment filed by  Vinit Kathardekar and Usha Rishi (collectively, Appellees).  After careful review, we affirm.

The pertinent factual and procedural history of this case has been summarized by the trial court as follows.

> From July of 2007 through May of 2011, [Carney], in his capacity as an attorney, provided various estate planning services to the late Dr. Drupadi Bhagwanani [Dr. Bhagwanani] and her husband.  In January of 2011, during the course of [Carney's] services, [Carney], Dr. Bhagwanani, and her husband reached an oral agreement that [Carney] would waive his estate planning fees in exchange for Dr. Bhagwanani naming him in her will as the contingent executor (her husband would be the first executor) or a contingent co-executor.  And likewise, Dr. Bhagwanani's husband would name [Carney] as same in his will. [Carney's] estimation is that the 5% of the gross estate he would have received as executor/co-executor would have

* Retired Senior Judge assigned to the Superior Court.

amounted to $375,000. In May of 2011, [Carney] mailed Dr. Bhagwanani an updated will naming [Carney] as co-executor of her estate. As late as August of 2011, [Carney] was unsure whether Dr. Bhagwanani had executed the May 2011 will, and [Carney] has not averred that it was ever executed.

In July 2011[,] Dr. Bhagwanani was diagnosed with cancer. Shortly after the diagnosis, Dr. Bhagwanani's friend [Appellee] Usha Rishi moved in to care for both Dr. Bhagwanani and her husband, who was bed ridden at the time. In July of 2011, when Rishi's son-in-law, [Appellee] Vinit Kathardekar, was visiting Dr. Bhagwanani, she asked Kathardekar, an attorney, to draft a will for her. Kathardekar declined on the basis that estate planning was not his area of practice. Ultimately, attorney Lloyd Welling was retained to draft a will for Dr. Bhagwanani. On August 1, 2011, Dr. Bhagwanani executed a will that named Kathardekar as the executor of her estate. On September 30, 2011, Dr. Bhagwanani sent [Carney] a letter terminating his services. On this basis, [Carney] initiated this action alleging that [Appellees] conspired to displace him in the will, and stating a claim for Tortious Inference with Contractual Relations. On October 15, 2015, [Appellees] filed a Motion for Summary Judgment, which [the trial court] granted on December 17, 2015.

Trial Court Opinion, 3/9/2016, at 1-2.

This timely-filed appeal followed.[1] Carney raises the following issues on appeal, which we have reordered for ease of disposition.

I.     Did the [trial court] err in finding that Carney presented no evidence to show purposeful action on behalf of [Appellees] specifically intended to harm the existing relationship between Carney and his client?

II.    Did the [trial court] deny Carney due process of law by deciding the motion for summary judgment on the grounds other than those raised by [Appellees]?

---

[1] Both Carney and the trial court complied with Pa.R.A.P. 1925.

III.    Did the [trial court] err in granting summary judgment on the ground that Carney could not prove actual damage resulting from the interference?

IV.    Did the [trial court] err in granting summary judgment on the ground that [Appellees] were privileged to interfere with the contractual attorney[-]client relationship between Carney and his client?

Carney's Brief at 5 (unnecessary capitalization and emphasis omitted).

We consider Carney's issues mindful of the following.

Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 562-63 (Pa. Super. 2014)

(quoting *Shepard v. Temple University*, 948 A.2d 852, 856 (Pa. Super.

2008)).

The following principles guide our review if this matter.

- 3 -

In order to successfully advance a cause of action for intentional interference with contractual relations, appellant must demonstrate the following: (1) the existence of a contractual relationship; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of a privilege or justification for such interference; and (4) damages resulting from the defendant's conduct.

*Small v. Juniata College*, 682 A.2d 350, 354 (Pa. Super. 1996).

On appeal, Carney argues the trial court erred in finding that Carney did not establish a genuine issue of material fact as to the second element of the aforementioned tort.  Carney's Brief at 22.  First, Carney avers "it is undisputed that [on August 1, 2011, Appellees were] aware that [Dr. Bhagwanani] had an ongoing relationship with an attorney."  *Id.* at 23. Carney argues that this alone is sufficient to show Appellees knowingly interfered with a contractual relationship.  *Id.* at 23-26.  Furthermore, Carney contends the trial court erred in failing to consider all factors set forth in Restatement (Second) Torts, section 767, and ignoring "critical pieces of evidence."[2]  *Id.* at 26-28.

In response, the trial court offered the following analysis:

To satisfy the second element of a claim for intentional interference of contractual relations, [a plaintiff] must prove that a defendant "acted for the specific purpose of causing harm to [a plaintiff.]"  [Carney] has pled that [Appellees] acted with the intent of "furthering their own interests."  [Carney] has not

---

[2] In his brief, Carney sets forth three critical pieces of evidence:  (1) an excerpt of the deposition of David Groetsch, Dr. Bhagwanani's financial advisor; (2) evidence that Appellee Kathardekar had seen the will drafted by Carney, with Carney's name on it; and (3) an affidavit from Carney that avers he received a call from Kathardekar demanding he turn over all files relative to Dr. Bhagwanani.  Carney's Brief at 27-28.

averred or offered any proof that [Appellees] had knowledge of [Carney's] arrangement to waive his fees and that displacing him as an executor of Dr. Bhagwanani's estate would lead to [Carney] effectively having performed his estate planning services for free. Therefore, [Carney] has not averred or offered proof that [Appellees] acted with the intent of harming him, and therefore has failed to satisfy the second element of his claim.

Trial Court Opinion, 3/9/2016, at 3 (citations removed).

The trial court's findings are supported by the record. While Carney impassionedly argues that Appellees were aware of the attorney-client relationship between himself and Dr. Bhagwanani, he has failed to provide evidence that would demonstrate Appellees were aware that Carney had an agreement to provide free legal services in exchange for being named as an executor of Dr. Bhagwanani's estate. Not only has Carney failed to produce such evidence, he admitted he did not have any facts or information to suggest that Appellees were aware of such an arrangement.

> [Appellees' Counsel]: Do you have any facts or information that Usha Rishi was aware of the oral agreement that you allegedly entered into with [Dr, Bhagwanani] in January of 2011.
>
> [Carney]: No.
>
> [Appellees' Counsel]: Do you have any information that Vinit Kathardekar was aware of the oral agreement that you had, allegedly, with [Dr. Bhagwanani] in January of 2011?
>
> [Carney]: No.
>
> [Appellees' Counsel]: Do you have any reason to dispute that the first time Usha Rishi and Vinit Kathardekar became aware of this alleged oral agreement that you had with [Dr. Bhagwanani] in January of 2011 is when you filed your complaint against them?

[Carney]: I have no evidence to the contrary. They were certainly aware, however, of my relationship with Dr. [Bhagwanani], an attorney[-]client relationship.

Deposition of James Carney, 4/17/2015, 103-104.

Here, merely knowing that there is an existing attorney-client relationship is not enough to prove that Carney and Dr. Bhagwanani's unorthodox arrangement was known by Appellees. As such, Carney is unable to demonstrate that Appellees' had the specific intent to harm Carney by depriving him of the benefit of the oral agreement he entered into with Dr. Bhagwanani.[3] Thus, Carney's claim fails. **See Glenn v. Point Park College**, 272 A.2d at 899 ("It must be emphasized that the tort we are considering is an intentional one: the actor is acting as he does [for] the purpose of causing harm to the plaintiff.").

Because we find the trial court did not err in concluding that Carney failed to meet his burden to demonstrate that Appellees had a specific intent to cause Carney harm, we find the remainder of his issues raised on appeal moot. **See**, **e.g.**, **Pappas v. UNUM Life Ins. Co. of Am.**, 856 A.2d 183, 186 (Pa. Super. 2004) (citations omitted, emphasis added) ("[A] defendant may establish a right to summary judgment by demonstrating the plaintiff's

---

[3] We further note that all three "critical pieces of evidence," cited *supra*, involve interactions that occurred in mid to late August, 2011. Dr. Bhagwanani signed the will displacing Carney as executor on August 1, 2011. Therefore, the "critical evidence" provided by Carney does not provide any proof that Appellees were aware of the existing will or agreement when they assisted Dr. Bhagwanani in drafting and signing a new one.

inability to show **an element** essential to his claim. If the plaintiff fails to contravene the defendant's claim with evidence raising a factual dispute as to **that element**, the defendant is entitled to entry of judgment as a matter of law.").

Having concluded the trial court did not abuse its discretion in granting Appellees' motion for summary judgment, Carney is entitled to no relief from this Court.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016